*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-269

APRIL TERM, 2013

| | | |
|---|---|---|
| Julie D. Proia | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Julius M. Proia, Jr. | } | DOCKET NO. 8-1-11 Cadm |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Wife appeals a final divorce order. On appeal, wife argues that the court abused its discretion in ordering wife to pay husband half of the equity in the marital home and granting her maintenance for only one year. We affirm.

The court held a hearing in July 2012 and based on the evidence made following findings. The parties were married in November 1996. They had no children. Both parties have regular employment. Wife's annual income is $18,000, and husband's is around $34,000. Prior to the final hearing, the parties agreed on division of personal property, the effect of which was to give husband a greater net value of $3500. The parties' major asset was the marital home.

The court found that the marital residence has net equity of $86,500. Applying the statutory factors for division of property, 15 V.S.A. § 751, the court concluded that it was most equitable to divide the equity in the premises equally. The court explained that it was a long-term marriage and that both parties were roughly the same age, in relatively good health, and had steady employment. The court noted that wife had contributed more to the mortgage and other expenses related to the house, but that this was by agreement and husband made contributions in other ways. Further, the court noted that the property would provide $800 in rental income per year. Thus, the court concluded that it was most equitable to divide the property evenly. The court granted wife possession of the home and ordered her to pay husband one half of the net equity less $3500, which represented the excess value of personal property husband received. Wife requested spousal maintenance of $800 a month for five years, arguing that she needed the extra income to support herself at the same standard of living as enjoyed during the marriage. The court granted maintenance for one year.

On appeal, wife first argues that the court abused its discretion in ordering her to pay husband fifty percent of the equity in the marital home. Wife claims that she made a disproportionately larger contribution to the marital estate, which she values at $100,000 and claims that for this reason she is entitled to a larger portion of the marital estate. See 15 V.S.A. § 751(11) (directing court in dividing marital property to consider, among other factors, contribution of each spouse to acquisition and preservation of property).

"As we have often noted, property division is not an exact science, and the trial court has broad discretion in considering the statutory factors and fashioning an appropriate order." Cabot v. Cabot, 166 Vt. 485, 500 (1997). We will uphold a property division "where the findings reasonably support the judgment." Goodrich v. Goodrich, 158 Vt. 587, 593 (1992).

Here, wife fails to demonstrate that the court's decision is unsupported. While the court found that while wife paid more of the household expenses, the court found that this was by agreement of the parties. In addition, the court found that husband made a monthly contribution towards household expenses, paid for the addition of a garage to the marital home, paid for wife's income taxes, and took care of repairs and maintenance on the house. Further, the court found that the property would be income-producing for wife. In light of these facts, the court's decision to evenly split the equity in the home was well within its discretion and not erroneous. Although wife may have contributed more to the household expenses, husband also contributed financially and in other ways to the property. Further, because the property will be income-producing, wife is gaining an increased benefit from having it awarded to her.

Next, wife argues that the court abused its discretion in limiting the maintenance award to one year. "The family court has broad discretion in determining whether to award maintenance, and if so, in determining the amount." DeLeonardis v. Page, 2010 VT 52, ¶ 17, 188 Vt. 94. We will uphold the court's decision on maintenance unless it lacks a reasonable basis. Id. In setting an award, it is proper for the court to consider the property awarded to the recipient spouse. Id.; see 15 V.S.A. § 752(b)(1).

Here, wife argues that the court's decision is erroneous because husband has more income than she does and she needs more money in the short-term to refinance the home and meet her daily expenses. The court found that one year of maintenance was sufficient for wife to transition into being self-sufficient. This finding was not clearly erroneous. Wife testified that she could meet all of her expenses with an extra $800 per month and that the house would generate $800 per month in rental income. Therefore, it was not error for the court to conclude that within a year, wife could support herself with the rental income.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

2